This is our first case of the day, 4-14-0724, Peter Maurer v. Jason Chambers. Attorney Waller is here on behalf of the appellant. Attorney Robinson is here on behalf of the appellee. Mr. Waller, you may proceed. Thank you very much. May it please the court, counsel. In this case, we're presented with a frustratingly vague statute that when you combine with the McLean County State's Attorney's Practices allows the government to take personal property from presumed innocent citizens without the requisite due process. These cases start off with the State's Attorney, an Assistant State's Attorney, handing a defendant in a criminal case, usually at the first appearance before they have counsel, a notice of forfeiture. The notice of forfeiture they hand out, identical to the one in this case, does not describe the conduct giving rise to the forfeiture or the violation of the law alleged. It just says, because of a pending drug investigation, we're taking your stuff. Section 150-6B of the Drug Asset Forfeiture Act requires it to describe the conduct giving rise to the forfeiture or the violation of the law alleged. That never happens. Was there anything filed to advise the State of your client's position that they were not in compliance? That was, well, not until our MR case. We brought it up in response to their motion. It was actually part of our verified complaint. That was part of our complaint in the MR case. It was, I believe, probably the first time it was brought up. Because that was the first time we had the opportunity of the courts. The way this happens, defendants, people who are having their properties taken, don't get access to the court unless the State's Attorney deems that they do. Right, I understand that. But my question is, did you notify the State of your position prior to what you referred to, that, hey, you're not following the proper procedure? I'm not necessarily talking about filing something in court. No, not before the MR case. A verified claim is filed, was filed in this case. What was believed to be the bond was filed in this case. The State responds by issuing a denial of forfeiture. The denial of forfeiture is in the record. It's a laundry list of all the possible defects that a verified claim or bond could have. This denial of forfeiture bears no... It's a denial of the claim, not the denial of forfeiture. I'm sorry, denial of the claim. Thank you very much. That's correct. They issue a denial of the claim, listing all the possible defects the claim could have or the bond could have. And don't you have an opportunity, once they do that, to get in again before the court under Section 14? No. Under Section 14, Section 14 tells you, again, unless we're talking about real property or over $200,000 for judicial procedures, Section 14 says, file another verified claim to the State's Attorney's Office. It refers you back to Section 6 and says, follow those procedures. Right. So, mother may I, back to the State's Attorney's Office over and over again. But you didn't do that. Not in this case. But isn't... What I'm getting at is, once they deny your claim, don't you have the opportunity within 30 days under Section 14 to file the cost bond and a verified claim under Section 6? And then the State's Attorney, if you do that, the State's Attorney must file... That's right. ...their petition with the circuit court. Yes, just to have... Okay, but did you do that? Not in the... No, no. And it's our argument that the way that the denial of claim is put together equitably tolls that 30-day requirement. They don't put anybody on notice on what the actual defects were. It's a guessing game. You're talking through a box on what could possibly be a defect. Well, if you had proceeded as Justice Spoke just mentioned, wouldn't there have then been judicial review afforded to you where the courts could have determined whether the actions of the State's Attorney's Office were appropriate? Only if the State's Attorney grants you that ability. I'm not sure I understand. That's why we filed an MRR. Section 14 is entitled judicial review. That's right. And Section 14 says, if you're denied, follow the procedures of Section 6, which is file another claim with the State's Attorney's Office and a bond with no guidance as to what could possibly have been wrong with the first claim and bond. Section 14 does not get you into the courts. Section 14 says file a claim with the State's Attorney's Office. State's Attorney will institute judicial review. But then it mandates the State's Attorney to do it. So then, let's say the State's Attorney doesn't, because I know what your quandary is. They didn't do it the first time. Why are they going to do it the second time? Why couldn't you seek a mandamus, a writ of mandamus? It's a mandatory statute. And I'm not saying you should have to, but I mean, ultimately, if you want to get review, wouldn't you need to do that? Well, the approach we took was file an MRR to try to get some kind of judicial review outside of the statute. Yeah, right. But I don't believe that, and I apologize, Your Honor, I don't believe that Section 14  It just says go back and follow Section 6. But that says, when you go back to Section 6, it says if you file a verified claim and an appropriate bond payable to the circuit clerk, then the State's Attorney shall file whatever he needs to file in the circuit court. Yes, but if there's anything wrong with that verified claim or that bond, if it's made out to the wrong person or you don't put a zip code in the address of the plaintiff or something, you never know. There's nothing to require the State's Attorney. They can always argue because the statute doesn't specify. But what I'm getting at is, you're claiming, I filed a verified claim and I filed a bond. The State's Attorney never filed what they should have filed with the circuit court. They just denied my claim. That's actually not my position. I stipulate that there was an error with the bond. So I believe that the State's Attorney, absolutely, under the color of the statute, say, no, you didn't file one, so I don't have to do anything. There's nothing in the statute. The statute only deals in extremes. You get it exactly right, in which case the absolute mandatory State's Attorney has to do it that way. Or if you file nothing, if you file no claim and no bond, or no bond, excuse me, the State's Attorney doesn't have to do anything. They just declare it forfeited. But you didn't do anything to follow through with the procedure where the State's Attorney is directed to, they shall institute judicial interim forfeiture proceedings. You didn't push that. But that's only in their, that's true, that's correct. Nothing was done except file the MR. But there's, again, there's nothing to require the State to do that if, in their opinion, they believe there was a problem with the claim or the bond. And as you can see from the denial letter and the statute, there can be a million things wrong with the claim and the bond. There's this entire gulf of what the State's Attorney's Office is supposed to do if there's anything wrong. Now, reasonable office would say this is what's wrong with your bond. If you want a shot at this, fix it. This is what's wrong with your claim. You didn't put the address where you can be served at. Again, a lot of these are handled pro se without attorneys. But this one wasn't, right? This one wasn't. That's correct. That's correct. My problem is the structure of the statute and the fact that it does not address what is a very common occurrence, which is where there's substantial compliance with the statute. And the State's Attorney gives no guidance on how, if you want to get into court, you need to make the check out to the right person, or you need to put this information on your verified claim, which you didn't do. There's no way to get into court. Isn't the other side of that argument, why should the State be advising people on how to proceed? Because they're trying to take my property. But there's a statute that governs the procedure. That's right. And the statute does not guide the State on how to proceed in this type of situation. It governs how you should proceed, which was to file a bond payable to the circuit clerk with the State's Attorney. That's right. So in reviewing the statute and looking at their denial, why didn't you conclude, oh, I made my bond payable to the State's Attorney. It should have been made payable to the circuit clerk. I'll refile my verified claim. Why was that not done? I don't have the answer. I didn't actually handle that part of it. I can't tell you why that part was not done. But the problem is the statute doesn't allow that, and it allows the people who benefit from requiring a strict compliance with the statute to make the decision on whether strict compliance would happen. This is not equitable. If the government wants to take your property, the burden should be on them to let you know how maybe you didn't comply with the statute. I don't know. I think that's a pretty weak argument. What you're saying is the State has the obligation to advise counsel how to proceed correctly under the Act. I think the situation is very specific to this type of Act. It doesn't address that type of situation. The statute does not address if there is any fault with the complaint. The statute says if there is no complaint, if there is no bond, then the State's Attorney doesn't have to do anything. But the denial of claim letter did inform the plaintiff that his cost bond did not comply with the section. In a long list of many other things that were not true. How many other things? Let me grab the denial of claim. They have six paragraphs indicating different things that could be wrong with it and say all of these apply to you, none of which is true except who the check was addressed to. I'm trying to see exactly the language they use on that issue. They just said the said purported claim is not accompanied by an appropriate cost bond or indigency affidavit. But they also say the purported claim fails to set forth the nature and extent of the claimant's interest. That's not true. The verified claim complied with that. It fails to set forth the date, identity, transfer, etc. Not true. It's five paragraphs. Basically, every provision in Section 6 they list on here and say all of these things are true. Simply not true. The verified claim did all of those things. Well, but apparently at least one is true. At least one is true. That's correct. So wouldn't this case be different if you then corrected it? Yes. Well, we don't know. We don't know what the state's attorney would have done. The problem is the statute allows the state's attorney to make this determination as to whether strict compliance has been made. Well, let's assume that your claim was entirely appropriate. I believe the claim was. Well, it wasn't. The bond was not. Incorrect. Okay. And then they did nothing. Then that would have other procedures as far as seeking amendments. I agree. But in these border conditions, in these corner situations where – In what situations? These type of corner situations that the statute doesn't – Corner? Yeah, corner in the margins that the statute doesn't directly address where there has been more than substantial compliance and one aspect was not addressed, the state's attorney is allowed to just do nothing. Well, do you have any case law or can you point to any area in the statute that authorizes us to say that substantial compliance is enough? I mean, you keep using that language. That's right. Because that's my suggested approach because there is no authority. The case law that's discussed in the brief says – it discusses cases where absolutely no bond is filed or absolutely no claim is filed. But in these situations where there is substantial compliance, which those words don't appear in the statute or any case law, that's my suggested approach. Our suggested options are either to read Section 6 to require only substantial compliance rather than the strictest compliance that keeps the party who benefits from the seizure from erring on the side of their own benefit or require the state to give accurate notice of defects in the claim. Arguably both. I think both of those things should happen. If there is any question as to whether there was compliance, the state's attorney should be required to institute judicial in-rem proceedings. Let the court sort it out. The state's attorney should not be making the decision on whether the state's attorney gets to keep your money. They should be required to take it to the court and say, well, they filed a bond. They did all these things except one thing on the claim. Your Honor, can you decide? That's the appropriate result. The government should always err on the side of access to the courts. The way the state's attorney's office is reading the statute makes them the gatekeeper on any kind of this relief. If there are no further questions, I'll retire. Thank you. Great. Thank you, counsel. You'll have a chance on re-follow. Thank you. Mr. Robinson. Please, the court. Counsel.  This is a question of not one of statutory construction, but statutory drafting. And what's before this court today is simply the question of whether the trial court erred by dismissing this claim. The Fifth District of this appellate court stated, a defendant who files a timely claim without the requisite bond is in the same position as someone who failed to file a claim at all. And that pretty much sums up what we have in this case. Counsel conceded here today that, in fact, the bond was incorrectly addressed to the state's attorney. Obviously, we can't have a situation where the state's attorney is endorsing a check and sending it over to the clerk's office. The statute is very clear about who that check is supposed to be made out to. It's the clerk of the court. This is not a situation under the Drug Asset Forfeiture Act where there's any ambiguity. I will make one concession. And I spoke to the state's attorney's office in this case about this, and I've been speaking to other state's attorneys throughout the Fourth District about this issue. And it's one about – it addresses the question of whether we should be responding to these improper requests at all, where state's attorneys make a good-faith effort to work with opposing counsel in these counties and present a format letter, not a form letter that you might get from your congressman, but a format letter that goes through each of the areas of the statute. And I think these are derived from previous state's attorneys who had a format for outlining for pro se litigants what the elements of the I will take a little bit at some of the tone of opposing counsel's brief in the sense that I think the state's attorney in this case is trying to do the right thing. Well, Mr. Robinson, let me ask you this. Counsel is indicating that basically this format letter, as you're calling it, just went through the requirements and didn't specifically indicate what was wrong. Are you conceding that there were allegations that things were wrong that weren't, or do you stand by that letter in terms of what it said was deficient? No, no. I think in that list of the additional five paragraphs, you could certainly – I think these things should be, and I think the state's attorney agrees that this should be construed liberally in favor of the defendant in these cases. So are you saying at this point your position is that the only thing wrong was the fact that the bond was made payable to the wrong party? For the sake of argument, I would concede that, because that's all that's necessary. And this gets back to the point I was going to make about the concession, Your Honor. If we were silent, there's no problem with that at all. But I think when a government actor, when an actor of the state, affirmatively responds when it's not necessary, where it could potentially mislead a pro se defendant, that can be problematic. We're trying to clean that up. In this case, that's not a concern. He was represented by counsel. The issue that did make it defective in this case was clearly outlined by statute. It specifically says who the bond is supposed to be made out to. But here what we're doing is forfeiture is an extreme remedy for the government. It's taking somebody's property. So here in this case, the government was clearly on notice that this person was trying to make a valid claim. They actually posted a bond. It was in the correct amount, just made to the wrong entity. I mean, to do nothing, why should the government sit back and say, well, too bad you didn't do it right, when they're on notice that this person is trying to file a valid claim? They shouldn't, and that's why the government does try to do something. The State's Attorney's Office does try to respond. I think it could have been better done in this circumstance. I know it's kind of an aside, but I'm hopeful that you're not indicating that you're going to represent these offices. They should do nothing. I mean, I think it's important that there be that work between the parties and at least trying to resolve the matter and not just ignoring. Correct. My point in saying that simply was that before we mislead them, I would rather them be silent. But I think we should not mislead them, but direct them appropriately to where they've gone wrong, particularly when you're dealing with pro se litigants, which is what they deal with in the majority of cases. I know Mr. Waller asked us to construe this in substantial compliance, and there's an interesting provision in Section 2 of the Legislative Declaration which talks about, I don't find this very often, but here it is. But the General Assembly further finds that the Federal Narcotics Civil Forfeiture Statute upon which this Act is based has been successful and blah, blah, blah, and therefore it's our intent that these provisions be construed in light of federal provisions, which is a pretty strong statement by the legislature. It makes me wonder, on the substantial compliance aspect, is there any discussion in federal case law as to whether or not the point Mr. Waller was making is correct? There is, and he's wrong. Oh, what do they say? In fact, Brendan Kelly v. $16,500 is that 5th District case. They relied on a 9th Circuit court case for that proposition. That case law and that view of the statute was drawn from federal case law, and that is that sentence I read earlier, which is the defendant who files a timely claim without the requisite bond is in the same position as someone who failed to file a claim at all. That's directly from federal case law. They cite federal case law in that case, and I believe that's the reason why, Your Honor. Would it be fair to state that generally the tenor of the federal law which our statute is based on is to be rather aggressive in seeking forfeiture and seizing property and things along those lines? It is, Justice Holder-White, and that's why I started by saying I believe Mr. Mauer's argument is better directed at the legislature. This is a big government versus small government argument. It's not a question about what governs in this case. The statute is what it is. It's aggressive for them, but I believe the government's held to strict compliance. If they miss a day of their deadline, they're out. That's correct. And so there's strict compliance on the government because you're taking somebody's property. That's absolutely right, Your Honor. And that goes back to the case that Justice Myerscough wrote for this court wherein the state was dismissed in a forfeiture case, and I apologize, the name of the case. Douglas case, I think. $1,240, people versus $1,240. And that's why we were dismissed in that case. There is no room for ambiguity on the part of the state, and that's why to the extent we can, we try to be precise, but there are rules for litigants in this case, pro se or otherwise, and that's why, in fact, I believe that's why Section 14 is in place. It gives them one more bite at the apple so that if you miss these deadlines and the state declares that forfeiture, you have a full 30 days to file an objection. And I will disagree with counsel in this regard. I do believe it has a little bit more teeth than counsel is representing today. In fact, the last sentence of Section 14 states as follows, if a claim and cost bond is filed under this section, then the procedure described in Section 9 of this article shall apply. So if it's corrected, the state's attorney has no discretion. This section shall apply, Section 9, and that is the judicial. Now, to Justice Pope's point earlier about how this is important, it is important to make sure that the state strictly complies, but there's also a balance. The defendant's argument is well taken that perhaps any verified claim, if it's on a napkin and it's labeled verified claim and they send a check for less than 10 percent made out to the state's attorney, maybe we should just forward that to the court. The problem with that is, like everything in the law, there's a balance. We can't have every pro se litigant, and in fact every litigant that's represented by counsel that doesn't comply with the statute, flood the court with these inquiries and have what amounts to meaningless hearings where judges come in and say, okay, what was filed? Counsel, this clearly doesn't comply with the statute. State's attorney, why didn't you just tell them this didn't comply with the statute? Why are you wasting our time? It's a balanced approach, and I think the statute strikes the correct balance. I think we'd be a lot, I think all of us would be mollified had this case been one in which the state's attorney had responded directly and appropriately without the form letter saying, by the way, here's your problem, not just what all the problems might be, which apparently don't really apply. Your representations about what you would do are comforting, and I can see how that might be helpful in the fourth district, but what about the rest of the state's attorney's offices and what are we going to do so that the problem that Mr. Waller has identified won't reappear? If it dissuades your concerns at all, I have already reached out to my counterparts. When I got this case, I recognized that as an issue, and I've been contacting folks. I spoke to some folks yesterday on the phone about this issue. I clearly don't believe that it impacts the ultimate result in this case, but is it better practice, and are we charged with the better practice? Yes, we are. How often do these things arise, by the way? You would have a better sense of that. We see them infrequently, but I'm wondering to what extent is there some volume at the trial level about this? It happens more often than I had hoped, Your Honor, to be totally candid with you. I know, Mr. Robinson, when I was handling the Fort Pritchard cases at the trial court level, that the state's attorney's office in Macon County, I believe they sent a letter that was more specific as to what was wrong, so there's probably varied practices, I would think. Varied practices, and some are very good, and those are the ones that we're adopting to the extent that we can. But again, Your Honor. Can I ask a special question? Did the state's attorney send the cashier's check back? I believe that they did, but I'm not certain about that. But they didn't say, you know, you got the check made out wrong. Well, I think in this case, in the state's attorney's defense, after all, I'm representing the state's attorney. In our defense, this was not an area of the statute that was that ambiguous, and given the volume, because the assistant state's attorney, it's problematic, because the assistant state's attorney in most of these counties that handles these, this isn't their only job, and they get flooded with pro se responses. So when they are represented by counsel, the assistant state's attorney generally presupposes that, for example, if I send the check back and give them this list, counsel will recognize the problem. It's explicit in the statute. So if I'm counsel and I get that back, I go to the statute and look and say, oh, I could have, I see where maybe we thought it should go to the state's attorney, but it clearly says the clerk. Let's change it, modify it. Counsel obviously knows that the other paragraphs outlining what was wrong didn't apply. He said it's obvious on its face, so that wasn't the problem. Counsel knew what the problem was, and even if the state's attorney was wrong in making that determination, once the forfeiture moved forward under Section 14, they had an additional 30 days under the statute to comply. They didn't. In fact, they waited an additional 60 days. Well into December, I think it was the day after Christmas, that counsel filed this MR case, seeking a declaratory judgment on that issue, which in some ways, I suppose if they got a declaratory judgment, it wouldn't have mattered because I think there's no longer jurisdiction in this case. I also wanted to point out, I think our prayer for relief is a little bit difficult, crafting a prayer for relief in this case, because I think technically this case should be dismissed for want of jurisdiction. On the other hand, I think the circuit court was right in dismissing this case under 2619 for want of jurisdiction. If they don't have jurisdiction, this court doesn't have jurisdiction. So I did ask that this court affirm, but I think perhaps it should be dismissed rather than affirmed in terms of technical terminology. And I think that's reflected in that people versus $1,240. It's cited in my brief at page 7. Is there any other questions? Of course, in 1240, what they were trying to do was come in under judicial review in a procedure that wasn't authorized by the statute. No complaint was ever filed by the state's attorney. That's correct, Your Honor. So I think that's why we eventually held we didn't have jurisdiction, because there was no pleading filed by the state's attorney. The defendant was trying to do it himself. Right. And that's ultimately why I simply asked to affirm in this case. But I wanted to point that out, because technically this is all governed by statute. And what Mr. Maurer filed in this case was outside of that when it's supposed to be governed by statute. So I just wanted to bring it to the court's attention so that we didn't sort of have to go back at some point and fix that. But you do want us to uphold what the trial court did. Absolutely, Your Honor, absolutely. No other questions? Thank you, Counsel. Thank you. Mr. Waller. Thank you very much. I do want to address a couple of the things that were discussed. Counsel spent some time talking about the balance and being flooded with these pro se filings and everything else, and court needs to make judicial economy decisions, et cetera. There are a lot of these filed, but they are, frankly, a subset of felony cases that are filed. It's far fewer than the number of, say, small claims cases a particular county gets. The state's attorney's office is only going to seize these, especially under the Drug Asset Forfeiture Act, in felony cases and where there is a significant thing that's worth their time to seize. Here we're talking about $8,700. There aren't 10,000 of those filed in McLean County every day, every year. There just aren't that many. Because it's a subset, generally, of felony drug cases, it's a very manageable number. If the statute required the state's attorney to go to court every time they tried to take anything under the Drug Asset Forfeiture Act, the courts would not be overly burdened, especially if you compare it to small claims cases or cases up to the $200,000 requirement for judicial interim anyway. It would not be a substantial burden on the courts. There's some discussion about Section 14 saying if it is corrected, then absolutely it's required and everything else. Again, everybody agrees that the first five paragraphs of this denial of claim don't apply. And there's a burden being put on, I guess, the trial counsel on this issue saying, well, paragraph six applied. It didn't either. Paragraph six, the only thing that was even close to putting the defendant on notice here, plaintiff in this case, says that said purported claim is not accompanied by an appropriate cost bond or indigency affidavit. So even if you read their denial in the light most favorable to the state, there's no specific outlining of the defect. It says no appropriate cost bond. You could say appropriate maybe addresses it, but it really reads that there was no bond. Well, yes, there was. Probably hence trial counsel's confusion there. Again, in a case where the government is trying to come and take your property, this is not part of restitution, you've not been adjudged guilty, the burden should be on the state to, frankly, take you to court, but under this statute to at least apprise this plaintiff and other pro se owners of property as to what the nature of the defects in their claim were. The burden should be on the state if they're trying to take your property, especially if we're talking about $8,700. Is Mr. Robinson correct in his discussion about substantial compliance? I disagree with his characterization of the federal case law behind the Kelly decision. Because the sentence quoted there was if no bond is posted, you're in the same as if no claim is posted. It doesn't really apply to a case like this where a bond was posted, but it was to the wrong agency. So I do not believe that the federal. My question is what does the federal law say? Is the federal courts interpreting the Federal Drug Enforcer Act to speak about substantial compliance or require strict compliance? I don't know how the federal courts have come out on that. I'd be happy to supplement. The state's position that that's wrapped up in Kelly I don't believe applies. I thought there was a reference within that case to the federal case laws. I thought it was making. It is, but I believe, and I'd be happy to allow another rebuttal if I'm misstating the state's position here, but the position was that federal case law requires full compliance. We know that because Kelly says if you don't post a bond, you're in the same position. I don't believe that if the state, if federal law requires strict, strict compliance, that's certainly not described in Kelly. Kelly's not on point on that issue. So whether Kelly describes it or not, what does federal law say? And that I would be happy to supplement and brief. Thank you very much. All right. Thank you, counsel. We'll take this matter under advisement and move to the next case.